UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

DOLEEN CARBON,

Defendant.

12-CR-680

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the

particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is

outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall

indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C.

§ 3553(c)(2). These "reasons must also be stated with specificity in the written order of

judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been

excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005),

the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United

States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific

statement explaining why the Guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a

statement should demonstrate that the court "considered the parties' arguments and that it has a

reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))

(internal quotations and alterations omitted).

1

Doleen Carbon pled guilty to Count Two of a four Count indictment. The plea was accepted on the Report and Recommendation of the Magistrate Judge suggesting defendant's allocution satisfies the requisite mens rea. That Report is adopted.

The indictment charged her with importing cocaine into the United States. *See* 21 U.S.C. §§ 952(a), 960 (a)(1) and (b)(2)(B), and 18 U.S.C. §§ 2 and 3551. The remaining three Counts were dismissed.

Defendant traveled to Trinidad in September of 2012 and returned to New York on a commercial flight in October 2012. A routine customs search of defendant's suitcase at John F. Kennedy International Airport revealed that she was transporting cocaine disguised in lotion bottles.

An initial sentencing hearing was held on September 18, 2013. Sentencing was adjourned so that probation could inquire about the impact a felony conviction will have on Carbon's home health aide certification. Probation was also asked to inquire about ways in which Carbon's twelve year old son could receive special assistance at school.

Carbon was sentenced on October 10, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is fifteen and defendant's criminal history is category I. The Guidelines range of imprisonment is between eighteen and twenty-four months, and the fine range is $4,000 to $1,000,000. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3) and (c)(4) (Nov. 2012). The calculation of the total offense level included a two point "safety valve" reduction and a three-point adjustment for defendant's acceptance of responsibility.

2

Defendant's offense level was reduced an additional four levels pursuant to the government's recommendation for retroactive application of the newly adopted early disposition program for couriers. *See id.* at § 5K3.1.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. § 960(b)(3). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 21 U.S.C. § 960(b)(3) and 18 U.S.C. § 3561(a), (c)(1). The Guidelines advise against probation. *See* U.S.S.G. § 5B1.1, comment. (n.2).

Carbon was sentenced to five years of probation. An application may be made to reduce the term of probation should the defendant adjust well.

A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that she will have any in the near future, to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Carbon imported cocaine into the United States. This a serious, but aberrant, offense. Carbon has no prior convictions. Her role was limited to that of a courier.

Defendant, now forty years old, was born in Dominica and has been a legal permanent resident of the United States since 1996. She grew up with limited family support and without a father figure.

3

Defendant has three children aged sixteen, twelve, and seven. The fathers of these children are not supportive either financially or otherwise. Defendant's twelve year old son suffers from mental and behavioral problems and requires constant attention. He receives psychiatric treatment, including therapy and medication.

Despite her intelligence and diligence, defendant has had a difficult time holding a job. She has a high school diploma and maintains a home health aide certificate. The instant conviction will have a serious impact on her ability to obtain a job in the home health industry.

Defendant and her three children are currently living in the basement of her sister's house. If defendant is incarcerated, the people who will suffer are her three children, especially the twelve year old who is most in need of parental support. Defendant is pursuing an evaluation of her son to determine if he would benefit from a smaller classroom at school.

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that she will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: October 11, 2013
Brooklyn, New York

4